# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL EUGENE REID,

        Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

        Agency.

DOCKET NUMBER
CH-3443-15-0040-I-1

DATE: February 12, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Eugene Reid, Indianapolis, Indiana, pro se.

Kyle C. Mardis, Esquire, Indianapolis, Indiana, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    Effective May 21, 2010, the appellant resigned from his position as a GS-05 Secretary with the agency's Veterans Affairs Medical Center (VAMC) in Indianapolis, Indiana. Initial Appeal File (IAF), Tab 9 at 49. On June 8, 2010, the appellant filed an equal employment opportunity (EEO) complaint with the agency, alleging, inter alia, that his resignation was a constructive discharge caused by race discrimination and reprisal for his prior EEO activity. *See id.* at 25. On July 12, 2011, the agency issued a final decision finding that the appellant's resignation was voluntary and that the evidence failed to substantiate his allegations of discrimination and reprisal. *Id.* at 38.

¶3    On October 24, 2014, the appellant filed an appeal with the Board and requested a hearing, alleging that his resignation was involuntary. IAF, Tab 1. In support of his claim, the appellant alleged that "the lack of candor, morals, and principles among leadership caused [him] to look for employment elsewhere." *Id.* at 9. The appellant asserted that he was offered "an interagency transfer" to the U.S. Department of Agriculture (USDA), with a start date of May 24, 2010;

however, that offer was rescinded because his immediate supervisor "sabotaged" his transfer by telephoning the individual who would have been his supervisor at the USDA. *Id.* at 4. The appellant contended that the rescission of the offer "forced" him to change the Standard Form (SF) 50 documenting his separation from the agency to indicate that the nature of his separation was a "constructional [sic] Discharge" rather than an interagency transfer. *Id.* He further contended that, in the "remarks" portion of the SF-50, he stated that he feared reprisal from his supervisor and the Indianapolis VAMC's Director; however, at the Director's instruction, a Human Resources Officer deleted those remarks and replaced them with the statement "employee offered no explanation for resignation." *Id.* at 4; *see* IAF, Tab 9 at 49.

¶4 The administrative judge issued an acknowledgment order, as well as orders on timeliness and jurisdiction. IAF, Tabs 2-4. In his jurisdictional order, the administrative judge informed the appellant that a resignation is presumed to be voluntary and that he would be granted a hearing only if he supported his claim with affidavits or other evidence of facts which, if proven, could show that his resignation was involuntary because of duress, coercion, or misrepresentation. IAF, Tab 4 at 2. The administrative judge ordered the appellant to submit evidence or argument amounting to a nonfrivolous allegation that his claim of involuntary resignation is within the Board's jurisdiction. *Id.* at 3.

¶5 In response, the appellant submitted documentation in which he reiterated the arguments he made in his initial filing with the Board and further alleged that his supervisor: (1) sent authorities to his home "with [an] indication that [he] was Homicidal & Suicidal"; and (2) suggested that they serve chicken and watermelon at the appellant's farewell party.[2] IAF, Tab 5 at 17. The agency filed a response

---

[2] The appellant filed two submissions in response to the administrative judge's orders. IAF, Tabs 5-6. His initial submission includes the documents he submitted in his subsequent submission. *Compare* IAF, Tab 5 at 13-23, *with* IAF, Tab 6 at 5-15.

to the acknowledgment order, arguing that the appeal should be dismissed as untimely filed without good cause shown for the filing delay.  IAF, Tab 9 at 6-12.

¶6    Without holding the requested hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, finding that the appellant failed to make a nonfrivolous allegation that his resignation was involuntary.[3]  IAF, Tab 10, Initial Decision (ID) at 1-2, 6.  The appellant has filed a petition for review, the agency has filed a response in opposition to the petition for review, and the appellant has filed a reply to the agency's response.  Petition for Review (PFR) File, Tabs 1, 3, and 4.

## ANALYSIS

The administrative judge correctly found that the appellant failed to make a nonfrivolous allegation of jurisdiction.

¶7    An employee-initiated action, such as a resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the agency obtained the action through duress or coercion, or shows that the agency's actions would have misled a reasonable person.  *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 8 (2009).  The touchstone of the voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice.  *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010).  An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary resignation or

---

[3] In the initial decision, the administrative judge explained that, because of his finding that the Board lacks jurisdiction over this appeal, he did not make any findings as to whether the appeal was timely filed or, if not, whether good cause existed for an untimely filing.  IAF, Tab 10, Initial Decision (ID) at 2 n.1 (citing *Wylie v. Department of Agriculture*, 99 M.S.P.R. 71, 73 (2005)).  We discern no error by the administrative judge in declining to make any findings regarding the timeliness of the appeal in the initial decision.  *See Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 5 (2005) (the existence of Board jurisdiction is the threshold issue in adjudicating an appeal and ordinarily should be determined before reaching the issue of timeliness) *aff'd*, 191 F. App'x 954 (Fed. Cir. 2006).

retirement only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985). Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter in issue. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶8        The Federal Circuit has said that the doctrine of coercive involuntariness is a narrow one, requiring that the employee satisfy a demanding legal standard. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc). To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency. *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1123-24 (Fed. Cir. 1996). In cases where intolerable working conditions are alleged, the Board will find an action involuntary only if the employee demonstrates that the employer or agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign or retire. *Markon v. Department of State*, 71 M.S.P.R. 574, 577 (1996).

¶9        When an appellant raises allegations of discrimination and reprisal in connection with an involuntariness claim, evidence of discrimination may be considered only in terms of the standard for voluntariness. *Markon*, 71 M.S.P.R. at 578. Thus, in an involuntary retirement or resignation appeal, evidence of discrimination or EEO retaliation goes to the ultimate question of coercion, i.e., whether, under all of the circumstances, working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to resign or retire. *Id.*

¶10      Applying these standards, the administrative judge considered the various reasons that the appellant offered for tendering his resignation to the agency. *See* ID at 4-6. The administrative judge noted that the appellant did not expound on his generalized statements about the lack of candor, morals, and leadership among management by identifying the agency officials responsible for the offensive conduct or explaining what that conduct entailed. ID at 5. In addition, as the administrative judge noted, the appellant did not explain what his supervisor purportedly told the USDA supervisor or the reasons the USDA gave for rescinding the offer of reassignment. ID at 5. The administrative judge found that the appellant's vague and conclusory allegations failed to demonstrate why these actions left him with no alternative but to resign. ID at 5.

¶11      The administrative judge also found that the appellant's reprisal claim is "woefully deficient in establishing a nonfrivolous allegation of Board jurisdiction over his appeal." ID at 5. In particular, the administrative judge found that the appellant's allegation that he feared reprisal from agency management was sheer conjecture, and that the appellant failed to identify any action of retaliation purportedly committed against him. ID at 5. The administrative judge noted that the appellant "is utterly silent as to how his fear of retaliation impacted his job with the agency, and forced him to tender his resignation." ID at 6. In sum, the administrative judge found that "a reasonable person would not have felt the incidents described by the appellant were so offensive and pervasive that the only alternative would be to resign from the agency." ID at 6.

¶12      The appellant challenges this finding on review, asserting that his job was "made so intolerable" that he could not remain as an employee of the agency. *See* PFR File, Tab 1 at 4. In support of this claim, the appellant reiterates his arguments from below that: his supervisor telephoned his prospective supervisor at the USDA and influenced his decision to rescind the appellant's offer of employment; and his supervisor sent the police to his home and indicated to them that the appellant was suicidal and homicidal. *Id.* As discussed above, the

administrative judge considered the reasons the appellant offered for tendering his resignation and properly found that a reasonable person would not have felt that the incidents the appellant described were so offensive or pervasive that there was no alternative but to resign from the agency.[4] *See* ID at 4-6. The appellant's reiteration of these arguments on review is essentially mere disagreement with the administrative judge's explained findings and, as such, provides no basis to disturb the initial decision. *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶13        For the first time on review, the appellant argues that his email account was locked during his last 3 weeks of employment at the agency, thereby restricting him from performing his duties. PFR File, Tab 1 at 4. The Board need not consider this argument, as it is raised for the first time on review without a showing of good cause for the Board to consider it. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Moreover, this argument provides no basis for disturbing the initial decision, as it does not constitute a nonfrivolous allegation that the appellant's resignation was involuntary based on intolerable working conditions. Even if it is true that the appellant's email account was locked during his last 3 weeks of employment with the agency, his working conditions were not so intolerable that a reasonable person in the appellant's position would have felt compelled to resign. Thus, we discern no reason to disturb the administrative judge's explained finding that the appellant failed to make a nonfrivolous allegation of jurisdiction over his appeal.

---

[4] We further note that the incident in which police were sent to the appellant's home occurred on June 2, 2010, i.e., after the appellant's resignation. *See* IAF, Tab 9 at 25 n.4, 31-32. Consequently, this incident could not have affected this appellant's decision to resign and it thus provides no support for his constructive discharge claim.

¶14    Lastly, we find unavailing the appellant's argument on review that "none of the factual evidence was considered" in the initial decision.  PFR File, Tab 1 at 4.  It is well settled that an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision.  *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table), *cert. denied*, 476 U.S. 1141 (1986).  Moreover, contrary to the appellant's contention on review, the initial decision shows that the administrative judge thoroughly considered the appellant's allegations in support of his involuntary resignation claim and the evidence relevant to that claim.  *See generally* ID.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the

United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:             _____

                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.